UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE TOKMO,<br><br>  Plaintiff,<br><br>  v.<br><br>PACTIV EVERGREEN GROUP HOLDINGS INC.,<br><br>  Defendants. | No.  2:25-cv-1614-DAD-CKD (PS)<br><br>ORDER |

Proceeding pro se, plaintiff Candice Tokmo initiated this action in the San Joaquin County Superior Court and defendants removed it to this court. (ECF No. 1.) Plaintiff's request to seal documents and motion for leave to serve Mike Lozano are before the court.[1] (ECF No. 16, 27.)

**Request to Seal**

On June 30, 2025, plaintiff filed a request to seal various documents which plaintiff states are already part of the record.[2] (ECF No. 16.) Plaintiff identifies HIPAA and Rule 26(c) of the Federal Rules of Civil Procedure as the legal authority supporting the requested sealing. The request fails to justify any sealing and will be denied.

---

[1] Another pending motion, plaintiff's motion to remand and to amend the complaint filed on June 24, 2025, is being briefed by the parties. The court has ordered that motion submitted on the briefs and without oral argument pursuant to Local Rule 230(g) at the conclusion of the briefing schedule.

[2] The request describes the documents but fails to specify where the documents appear in the record.

1

1    Requests to seal documents are procedurally governed by Local Rule 141. Documents
2 may only be sealed by written order, upon the showing required by applicable law. See Local
3 Rule 141(a).
4    There is a presumed First Amendment right of access to court proceedings and documents
5 for the press and the public. See Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092,
6 1096 (9th Cir. 2016). The presumed right of access can be overcome if (1) closure serves a
7 compelling interest; (2) there is a substantial probability that, in the absence of closure, this
8 compelling interest would be harmed; and (3) there are no alternatives to closure that would
9 adequately protect the compelling interest. Oregonian Publishing Co. v. U.S. District Court for
10 the District of Oregon, 920 F.2d 1462, 1466 (9th Cir. 1990); see also Kamakana v. City & Cty. of
11 Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to
12 outweigh the public's interest in disclosure and justify sealing court records exist when such
13 'court files might have become a vehicle for improper purposes,' such as the use of records to
14 gratify private spite, promote public scandal, circulate libelous statements, or release trade
15 secrets." (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).
16    A request to seal material must ordinarily meet the "compelling reasons" threshold of
17 supporting secrecy. Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th
18 Cir. 2016). When, however, the material sought to be sealed is at most "tangentially related to the
19 merits of a case," a request to seal may be granted on a showing of "good cause." Id.
20    Plaintiff does not show good cause or compelling reasons for shielding from public view
21 her basic financial information proffered for the purpose of obtaining public funding for litigation
22 expenses. Claims that material is "sensitive" and "could compromise… safety" (ECF No. 16 at 3)
23 do not suffice to show good cause. The court understands the material at issue contains
24 information plaintiff describes as her personal information, but so do all applications to proceed
25 in forma pauperis, which are not ordinarily sealed.
26    Plaintiff does not show compelling reasons for sealing material containing information
27 about her medical condition also claimed to be "private" or "sensitive." The privacy rule of
28 Health Insurance Portability and Accountability Act (HIPAA) applies to specific covered entities:

a health plan, a health care clearinghouse, and a health care provider who transmits health information in electronic form. 45 C.F.R. § 160.102(a). HIPAA allows for disclosure of medical information in the course of administrative or judicial proceedings. See 45 C.F.R. § 164.512(e)(1). HIPAA does not provide a basis for shielding from public view a litigant's medical condition placed in issue in a case. The request to seal also does not articulate how failing to seal documents in this case would result in a substantial probability that a compelling interest would be harmed or how disclosure of the information could place plaintiff or anyone else in danger.

**Motion to Serve Mike Lozano**

On July 2, 2025, plaintiff filed a motion styled as "Motion for Leave to Serve Defendant Mike Lozano." (ECF No. 27.) Mike Lozano is the additional defendant named in plaintiff's proposed first amended complaint whose inclusion is alleged to destroy diversity jurisdiction, as set forth in plaintiff's motion to remand and motion to amend the complaint. (See ECF Nos. 9, 11.)

The motion to serve Mike Lozano is deficiently filed because it is not noticed for a hearing as required by Local Rule 230(b). Plaintiff has requested the court to rule on the motion without holding an oral argument. (ECF No. 27 at 3.) In general, pursuant to plaintiff's request, the undersigned is inclined to rule on motions in this case without oral argument. In order to properly file a motion falling under Local Rule 230, however, plaintiff shall comply with the rule's requirements and notice such a motion for a hearing.[3] Where appropriate, the undersigned will order that such a motion be submitted on the briefs and arguments without oral argument pursuant to Local Rule 230(g).

In this instance, plaintiff need not notice the deficiently-filed motion for a hearing because the undersigned will deny it on the merits notwithstanding its procedural deficiency. Plaintiff seeks leave of court to serve defendant Lozano and states it is necessary in the event of remand

---

[3] Plaintiff references Local Rule 230(l) as providing that motions in pro se actions are generally submitted without a hearing. (ECF No. 27 at 3.) That subsection applies to pro se actions filed by prisoners only.

because California law requires service within 60 days of filing a complaint. (ECF No. 27 at 3.) Plaintiff states the court "docketed and filed the FAC" and implies that the service clock is running. (Id. at 1.) However, as plaintiff recognized in filing the motion for leave to amend, leave of court is required to file the first amended complaint. See Fed. R. Civ. P. 15(a)(1).

Under the court's local rules, "[i]f filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave…." Local Rule 137(c). Here, the proposed first amended complaint was not designated as an exhibit to the motion to amend and was instead separately docketed by the Clerk of the Court. Notwithstanding the docketing of the proposed amended pleading, leave of court is required to amend. Accordingly, no amended complaint has been filed. The Clerk of the Court will be directed to modify the docket text entry for docket entry number 11 accordingly.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to seal (ECF No. 16) is DENIED.
2. Plaintiff's motion for leave to serve Mike Lozano (ECF No. 27) is DENIED.
3. The Clerk of the Court is directed to modify the docket text for docket entry number 11 to "Proposed First Amended Complaint."

Dated: July 2, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, tokm25cv.1614.16+27

4