UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE TOKMO,<br><br>   Plaintiff,<br><br>  v.<br><br>PACTIV EVERGREEN GROUP HOLDINGS INC.,<br><br>   Defendants. | No. 2:25-cv-1614-DAD-CKD (PS)<br><br><br>ORDER |

  Proceeding pro se, plaintiff Candice Tokmo initiated this action in the San Joaquin County Superior Court and defendants removed it to this court. (ECF No. 1.) Plaintiff's recently filed motions and requests are before the court. (ECF Nos. 34, 36, 42, 45, 46.)

  **Request for Clarification (ECF No. 34)**

  Plaintiff requests "clarification from the Court regarding the appropriate point(s) of contact for communication and service of documents with Defense Counsel." (ECF No. 34 at 1.) The request for clarification is granted to the extent that the court clarifies that notice of an electronic filing is automatically generated by CM/ECF at the time a document is filed. See Local Rule 135. This notice constitutes automatic service of the document within the meaning of Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

////

////

1

**Motions to Expedite (ECF Nos. 36, 42)[1]**

Plaintiff filed a motion to remand and motion to amend the complaint on June 24, 2025. (ECF No. 9.) The court denied plaintiff's ex parte application to shorten time but granted her request to have the motion submitted on the briefs and without oral argument. (ECF No. 14.)

Plaintiff's motion to expedite repeats her request for the court to rule without oral argument. As set forth above, the court has already granted this request as to this motion. In addition, it has often been noted that judges in the Eastern District of California carry extremely heavy caseloads. The court is unable to prioritize individual matters for expedited consideration upon a litigant's request. Plaintiff's motion to expedite will be denied insofar as she seeks to impose a different and special time frame for obtaining a ruling on her pending motion. The court notes the briefing schedule provided by Local Rule 230 closed yesterday.[2] The court will consider the motion in due course.

**Request to Waive Pacer Fees (See ECF Nos. 45, 46)**

Plaintiff requests the court to waive the PACER fees she accrues viewing documents on PACER. Plaintiff does not show that an order waiving such fees is warranted.

The in forma pauperis statute contains no provision that the court exempt an indigent litigant from fees associated with PACER. See 28 U.S.C. § 1915(a). In forma pauperis status alone does not support a request to waive PACER fees. All parties and attorneys of record receive one free electronic copy of documents filed with the court if they are registered with the court's CM/ECF system. Otherwise, if plaintiff chooses to access court records through PACER, the fee is $0.10 per page retrieved and the charge for any single document has a cap of $3.00. In light of

---

[1] Plaintiff filed the first motion to expedite on July 8, 2025. (ECF No. 36.) The motion was deficiently filed without notice of a hearing date. Plaintiff filed the second motion to expedite on July 9, 2025. (ECF No. 42.) The second motion to expedite includes a notice of hearing date but fails to comply with the timeline of Local Rule 230 which requires such a matter set for hearing to be "set for hearing on the motion calendar of the Judge or Magistrate Judge… *not less than thirty-five (35) days after service and filing of the motion.*" (emphasis added). Because of this procedural deficiency, and in light of this order, the court vacates the hearing on plaintiff's motion to expedite noticed to take place on August 6, 2025.

[2] Defendants opposed the motion on July 8, 2025 (ECF No. 33), and plaintiff filed the optional reply on July 10, 2025 (ECF No. 44).

these procedures, which provide reasonable access, plaintiff's request is denied. See, e.g., Luehring v. Metro. State Hosp., No. 2:21-CV-03879-GW-SHK, 2021 WL 5994499, at *2 (C.D. Cal. Sept. 23, 2021) (finding indigent litigant failed to make the requisite showing for exemption to PACER fees in light of the free delivery of case documents and lack of any clear need to conduct research using PACER).

**Hearing Date on Plaintiff's Other Remaining Pending Motion**

Based on plaintiff's previously expressed preference, the court now orders that plaintiff's other pending motion styled as a motion to compel disclosure of the citizenship of Mike Lozano (ECF No. 19) is ordered submitted without appearance and oral argument at the conclusion of the briefing schedule under Local Rule 230.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for clarification (ECF No. 34) is GRANTED to the extent set forth above.
2. Plaintiff's motions to expedite (ECF Nos. 36, 42) are DENIED.
3. Plaintiff's request to waive PACER fees is DENIED.
4. The court vacates the hearings on plaintiff's second motion to expedite and motion styled as a motion to compel noticed to take place on August 6, 2025.

Dated: July 11, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, tokm25cv.1614.exp