UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE TOKMO,<br><br>Plaintiff,<br><br>v.<br><br>PACTIVE EVERGREEN GROUP HOLDINGS INC. et al.,<br><br>Defendants. | No. 2:25-cv-1614-DAD-CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Proceeding without counsel,[1] plaintiff Candice Tokmo initiated this action in state court and defendants filed a notice of removal on the basis of diversity jurisdiction. (ECF No. 1.) On June 24, 2025, plaintiff filed a motion to remand and for leave to amend the complaint which the undersigned ordered submitted without oral argument pursuant to Local Rule 230(g). (ECF Nos. 9, 14.) As set forth below, the undersigned recommends this Court grant plaintiff's motion for leave to amend the complaint and remand this action to state court.

**I.   Background**

Plaintiff filed the complaint on May 6, 2025, in the San Joaquin County Superior Court. (ECF No. 1-5 at 6.) Defendant Pactiv Packaging, also known as Pactiv Evergreen, Inc. ("Pactiv"), was plaintiff's employer. Plaintiff's complaint alleges nine causes of action under California law

---

[1] Because plaintiff proceed without counsel, this matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1).

1

as follows: (1) wrongful termination in violation of public policy; (2) whistleblower retaliation in violation of Labor Code sections 1102.5 and 6310; (3) damages for civil penalties; (4) hostile work environment – sexual harassment in violation of California's Fair Employment and Housing Act, Government Code sections 12940, et seq. ("FEHA"); (5) retaliation in violation of FEHA; (6) failure to accommodate disability or perceived disability in violation of FEHA; (7) failure to take all reasonable and necessary steps to prevent discrimination and harassment in violation of FEHA; (8) intentional infliction of emotional distress; and (9) discrimination on the basis of gender in violation of FEHA. (ECF No. 1-5 at 21-34.)

Defendants filed the notice of removal on June 10, 2025 (ECF No. 1) and an answer on June 17, 2025. (ECF No. 7.) On June 24, 2025, plaintiff filed the motion to remand and motion to amend the complaint. (ECF No. 9.) Plaintiff requests to amend her complaint to add Mike Lozano, alleged to be a Pactiv employee in Stockton, California, as a defendant. Plaintiff's proposed first amended complaint ("FAC") alleges Mr. Lozano, who was then print manager and/or supervisor, falsely alleged that plaintiff cursed him out which resulted in her wrongful suspension on December 17, 2022. (ECF No. 11, ¶¶ 31-34.) Plaintiff also seeks remand, arguing that with the addition of defendant Lozano, the parties would no longer be completely diverse which would divest this court of jurisdiction to hear this action. Defendants opposed the motion to remand and to amend the complaint. (ECF No. 33.) Plaintiff filed a reply. (ECF No. 50.)

Plaintiff also sought a stay of all discovery in this case, which the undersigned previously granted. (ECF Nos. 51, 58.) Plaintiff subsequently filed a motion seeking to conduct limited jurisdictional discovery. (ECF No. 59.) Defendants opposed the motion. (ECF No. 63.) Plaintiff filed a reply. (ECF No. 64.) Plaintiff has also filed a motion to expedite the court's ruling on her motion to conduct limited jurisdictional discovery. (ECF No. 65.)

**II.    Motion to Remand and for Leave to Amend**

**A. Legal Standard**

A party is allowed to amend their pleading once as a matter of course within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter

2

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).[2] "The language of § 1447(e) is couched in permissive terms," and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

Courts generally consider the following factors when deciding whether to deny or permit joinder of a non-diverse defendant:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000); see also Garcia v. Ford Motor Co., No. 2:24-CV-00563-KJM-SCR, 2025 WL 314072, at *1 (E.D. Cal. Jan. 28, 2025). "Any of these factors might prove decisive, and none is an absolutely necessary condition of joinder." Garcia, 2025 WL 314072, at *1 (citation omitted). The undersigned considers these six factors below.

**B. Need for Joinder Under Rule 19(a)**

A party may be necessary under Rule 19(a) in three different ways. Salt River Project Agr. Imp. & Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012). First, a person is necessary if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, a person is necessary if they have an interest in the action and disposing of the action in their absence may as a practical matter impair or impede their ability to protect the interest. See Fed. R. Civ. P. 19(a)(1)(B)(i). Third, a person is necessary if disposing of

---

[2] A few district courts have held Section 1447(e) cannot apply to defeat joinder of a party by amendment as a matter of course under Rule 15(a)(1). See McDermott v. CareAllies, Inc., 503 F. Supp. 3d 225, 233 (D.N.J. 2020); Buffalo State Alumni Ass'n, Inc. v. Cincinnati Ins. Co., 251 F. Supp. 3d 566, 576 (W.D.N.Y. 2017) (noting "weight of contrary authority"). The undersigned follows the cases holding that a court retains discretion under Section 1447(e) to decide whether to allow joinder of a non-diverse defendant. See Andreasen v. Progressive Express Ins. Co., 276 F. Supp. 3d 1317, 1323 (S.D. Fla. 2017) (citing collected cases).

the action in their absence would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

Defendants argue that most of plaintiff's claims cannot apply to defendant Lozano as a matter of law, and that he is a party whose joinder is permissive. (ECF No. 33 at 17.) However, while courts consider the standard set forth under Rule 19 in determining whether to permit joinder under Section 1447(e), "amendment under § 1447(e) is a less restrictive standard[.]" IBC Aviation Servs., Inc., 125 F.Supp.2d at 1011-12. "The salient question for purposes of § 1447(e) is whether joinder will prevent separate and redundant actions." Garcia, 2025 WL 314072, at *2 (citation omitted). "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." IBC Aviation Servs., Inc., 125 F.Supp.2d at 1012.

Defendant Lozano is more than tangentially related to plaintiff's claims against the current defendants. See IBC Aviation Servs., Inc., 125 F. Supp. 2d at 1012 (management employee alleged to be responsible for acts underlying the plaintiff's claim against other defendants bears more than a tangential relationship to the cause of action). Plaintiff's allegations against defendant Lozano are part of the same transactions set forth for her current claims. Because of the similarities between the claims, forcing plaintiff to pursue separate actions in federal and state court would lead to redundancy. See Harris v. Ford Motor Co., No. CV-17-04964-SJO-MRW-X, 2017 WL 10433673, at *2 (C.D. Cal. Aug. 9, 2017) (finding this factor weighs in favor of leave to amend where the claims against the diversity-destroying defendant arise from the same transactions as the original claims); Forward-Rossi v. Jaguar Land Rover N. Am., LLC, No. 2:16-CV-00949-CAS-KSX, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016) (same). This factor favors granting plaintiff leave to amend the complaint.

**C.  Whether There Was Unexpected Delay in Requesting Joinder**

"District courts in California have often held that if a plaintiff seeks leave to amend within a few months of the initial complaint or notice of removal, the delay is not unreasonable if the parties have not filed dispositive motions." Garcia, 2025 WL 314072, at *3. Plaintiff filed her

4

motion to amend and motion to remand within the 21-day period set forth in Rule 15(a). This timeline favors allowing amendment.

"[C]ourts also have considered whether plaintiffs should have known the facts and theories underlying their new claims when they filed their original pleading." Garcia, 2025 WL 314072, at *3. It appears plaintiff knew or should have known all facts giving rise to Mr. Lozano's potential liability at the time of filing her original complaint. Because the timeline in requesting leave to amend favors amendment, but plaintiff's delay in naming Mr. Lozano does not favor amendment, this factor is neutral. See id.

### D. Validity of Plaintiff's Claim Against the Non-Diverse Defendant

Defendants argue plaintiff's proposed FAC is facially defective because it does not explicitly assert a single cause of action against Mr. Lozano and leaves them to speculate as to whether plaintiff intends to assert all of her claims against him. (ECF No. 33 at 14.) Defendants argue plaintiff will be unable to demonstrate the legal viability of seven out of her nine causes of action in the proposed FAC. (Id.) They further argue the proposed FAC fails to state a claim against Mr. Lozano in the remaining two causes of action for sexual harassment – hostile workplace and intentional infliction of emotional distress ("IIED"). (Id.)

"Under California law, to state a claim for intentional infliction of emotional distress, the defendant's conduct must be outrageous, i.e., beyond all bounds of decency; ordinary rude or insulting behavior is not enough to justify an award of damages." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1084 (C.D. Cal. 1999) (citing Restatement 2d Torts § 46, cmt. d). In Clinco, the district court found the plaintiff's IIED claim against the proposed defendant was not tenable because it alleged "no more than a petty oppression or annoyance" which was insufficient to support a claim for intentional infliction of emotional distress. 41 F.Supp.2d at 1084.

Mr. Lozano's alleged actions here are more extreme and go well beyond ordinary rude or insulting behavior. Plaintiff's proposed FAC alleges Mr. Lozano, who was then print manager and/or supervisor, falsely alleged that plaintiff cursed him out which resulted in her wrongful suspension on December 17, 2022. (ECF No. 11, ¶¶ 31-34.)

////

"For purposes of section 1447(e), a plaintiff's proposed claim need only be facially viable. The standard is more lenient than the standard for dismissal[.]" Garcia, 2025 WL 314072, at *3 (citation omitted); see also Harris, 2017 WL 10433673, at *3 ("In considering the validity of plaintiff's claims, the court need only determine whether the claim seems valid which not the same as the standard in either a motion to dismiss or a motion for summary judgment.") (cleaned up). The claim need not be plausible or stated with particularity. Garcia, 2025 WL 314072, at *3. In addition, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

Liberally construing the proposed FAC, plaintiff has a tenable claim against Mr. Lozano for purposes of Section 1447(e). See Reynolds v. Diamond Pet Food Processors of California, LLC, No. 2:15-CV-02118-JAM-AC, 2016 WL 1711671, at *4, 6 (E.D. Cal. Apr. 29, 2016) (allegations that individual defendants "terminated plaintiff and stripped him of his paid health insurance benefits" were facially viable so as not to weigh against diversity-destroying amendment); Khoshnood v. Bank of Am., No. CV 11-04551 AHM FFMX, 2012 WL 751919, at *7 (C.D. Cal. Mar. 6, 2012) (alleged conduct that was more than "a petty oppression or annoyance" asserted a tenable claim for IIED which weighed in favor of permitting amendment).[3] Given that plaintiff has asserted a tenable IIED claim, this factor weighs in favor of allowing amendment.

### E. Whether the Statute of Limitations Would Preclude a New Action

"If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action." Garcia, 2025 WL 314072, at *3 (citation omitted). Defendants do not address whether plaintiff's action against Mr. Lozano would be timely filed in

---

[3] Given that plaintiff has a tenable IIED claim against Mr. Lozano, the court finds it unnecessary to decide whether she may have any other viable claim against him. See Khoshnood, 2012 WL 751919, at *7. Nevertheless, the court notes that although the proper defendant for a FEHA claim is ordinarily the employer and not any individuals, see Cal. Gov't Code § 12940(a), Jones v. Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158, 1173 (2008) (FEHA retaliation); Reno v. Baird, 18 Cal. 4th 640, 663 (1998) (FEHA discrimination), a non-employer supervising individual may potentially be liable for harassment under the FEHA, see Cal. Gov't Code § 12940(j); Reno, 18 Cal. 4th at 645.

6

state court. In addition, it is not clear from the face of the proposed FAC whether the statute of limitations would preclude a new action against Mr. Lozano. On the present record, this factor weighs neutral.

### F. Whether Joinder is Intended Solely to Defeat Jurisdiction

Defendants argue plaintiff seeks a "sham" joinder and that her motion should be denied because her stated purpose is to destroy diversity jurisdiction and obtain remand. (ECF No. 33 11-12, 13-14.) Some district courts have held a court should look "with particular care" at motive where a new defendant will defeat diversity. E.g., Clinco, 41 F.Supp.2d at 1082 (denying leave to amend). The question of a plaintiff's intention is "intertwined" with the validity of the proposed claims. Garcia, 2025 WL 314072, at *4 (citing Reyes v. FCA US LLC, No. 1:20-CV-00833-DAD-SKO, 2020 WL 7224286, at *6 (E.D. Cal. Dec. 8, 2020)). Courts may infer an improper motive as a relevant factor when the plaintiff's proposed amended complaint contains only minor changes, Garcia, 2025 WL 314072, at *4, or may decline to inquire into motive for adding a non-diverse defendant when applying Section 1447(e), see Valdivia v. Waste Mgmt. Inc., No. C 07-2293 JL, 2007 WL 9734900, at *5 (N.D. Cal. Nov. 30, 2007) (citing Righetti v. Shell Oil Co., 711 F. Supp. 531, 535 (N.D. Cal. 1989)).

Here, plaintiff's proposed FAC does not propose substantial changes or new causes of action and instead adds only a few allegations against Mr. Lozano. Plaintiff's declaration submitted to this Court states she does not want to proceed in federal court because she is homeless and is requesting remand due to her "ongoing hardship." (ECF No. 10-2 at 2.)

"[S]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." Reynolds, 2016 WL 1711671, at *5 (quoting IBC Aviation Servs., Inc., 125 F.Supp.2d at 1012). Even assuming plaintiff's motive in adding Mr. Lozano as a defendant is to for the purpose of obtaining remand, her motive is "insufficient to support a finding of fraudulent joinder" where a valid claim is alleged. Garcia, 2025 WL 314072, at *4 (citing Reyes, 2020 WL 7224286, at *7). This factor is also neutral.

////

### G. Prejudice to Plaintiff

A plaintiff will be prejudiced if the proposed defendant is "crucial" to the case, because it is in the economic benefit of all parties and the judicial system to have the entire controversy adjudicated only once. Garcia, 2025 WL 314072, at *4-5. A defendant is not crucial if the court can afford complete relief without joinder of the proposed defendant.

Here, granting joinder of Mr. Lozano as a defendant is not crucial to plaintiff's original claims against the current defendants. However, denying amendment would require plaintiff to "either litigate [some of] the same issues using the same evidence in two forums or forego [her] claims against [Mr. Lozano]." Khoshnood, 2012 WL 751919, at *5. Thus, this factor weighs slightly in favor of amendment.

### H. Balancing the Factors

The relevant factors are either neutral or favor granting plaintiff leave to amend her complaint to add Mr. Lozano as a defendant. Accordingly, the undersigned recommends the court exercise its discretion under 28 U.S.C. § 1447(e) to grant plaintiff leave to amend the complaint. See, e.g., Garcia, 2025 WL 314072, at *5 ("Because remand under § 1447 is couched in permissive terms, and the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court, the court finds remand appropriate because Garcia sought leave to amend in a reasonable time, no dispositive motions have yet been filed, and her proposed added claim is facially viable.") (internal quotation marks and citations omitted).

### III. Jurisdictional Discovery is Not Warranted

"[Jurisdictional] discovery should be granted when… the jurisdictional facts are contested or more facts are needed." Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). For the purpose of determining diversity citizenship, a person is "domiciled" in a location where he has established a fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely. Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986). The party asserting diversity jurisdiction bears the ultimate burden of proof. Id.

Under the allegations in the proposed FAC, Mr. Lozano was employed by defendant Pactiv in Stockton, California. Plaintiff's concurrently filed motion to remand and for leave to

amend the complaint asserts Mr. Lozano's California citizenship makes him a diversity-destroying defendant. Defendants have not challenged the alleged California citizenship of the proposed new defendant in their opposition to plaintiff's motion for remand. Jurisdictional discovery is not necessary or warranted because Mr. Lozano's citizenship is not an issue in dispute.

### IV.    Conclusion, Order, and Recommendation

In accordance with the above, IT IS ORDERED that plaintiff's motion to expedite ruling on limited jurisdictional discovery (ECF No. 65) is DENIED because it is being recommended that remand be granted without any need for jurisdictional discovery.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's motion to remand and for leave to amend to add Mike Lozano as a defendant (ECF No. 9) be granted.
2. This action be remanded to San Joaquin County Superior Court under 28 U.S.C. § 1447(e) for lack of subject matter jurisdiction.
3. Plaintiff's other pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 29, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, tokm25cv1614.fr